IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:13CR 53 |
| | § | JUDGE MHS/JKG |
| JOHNNY RAY BIRDWELL | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846
(Conspiracy to possess with intent to distribute and distribution of at least 50 grams of methamphetamine (actual))

From on or about January 1, 2012, and continuing thereafter, until April 26, 2013, in the Eastern District of Texas, the defendant, **Johnny Ray Birdwell**, did knowingly, intentionally, and unlawfully, combine, conspire, and confederate with others, both known and unknown to the United States Grand Jury, including, but not limited to, those individuals previously indicted in Cause No. 6:13CR2, to violate a law of the United States, to-wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution of at least 50 grams of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461

As the result of committing the foregoing offense [21U.S.C. § 846] alleged in this indictment, the defendant herein shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation;

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or,

3. any and all firearms, ammunition and accessories seized from the defendant, including but not limited to the following:

**CASH PROCEEDS:**

$10,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violation.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

*PGR*
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

*[signature]*

RICHARD L. MOORE
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)

6-26-13
Date

Indictment - Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:13CR_____ |
| | § | JUDGE _____ |
| JOHNNY RAY BIRDWELL | § | |

## NOTICE OF PENALTY

Violation: 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of at least 50 grams of methamphetamine (actual))

Penalty: Imprisonment for a term of not less than 10 years or more than life, a fine not to exceed $10,000,000, or both. A term of supervised release of at least 4 years in addition to such term of imprisonment.

Special Assessment: $100.00

Indictment - Page 4