# United States District Court
### EASTERN DISTRICT OF TEXAS
### T[ NGT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | Case No. 6:13-cr-53 |
| § | |
| **JOHNNY RAY BIRDWELL** § | |

### ORDER ON MOTION TO CONTINUE

Came on to be considered this day Defendant Johnny Ray Birdwell's Second Unopposed Motion for Continuance (Doc. No. 23). The Court, having considered this motion, is of the opinion that said motion is meritorious and should be **GRANTED**.

The Pretrial Hearing in this matter is currently set for a criminal session of this Court in the Tyler Division of the Eastern District of Texas, commencing on October 7, 2013. As grounds for the continuance, Defendant's counsel indicates that the continuance is not for the purpose of delay, but so that justice may be served and that additional investigatory time is needed in order for counsel to render effective assistance.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575,

589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986).

The Speedy Trial Act excludes any delay resulting from the grant of a continuance from the computation of time between indictment and trial, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); *see United States v. Eakes*, 783 F.2d 499 (5th Cir.), *cert. denied*, 477 U.S. 906 (1986). For the reason stated by Defendant in his motion for continuance, the ends of justice require this Court to continue the above entitled criminal action to allow defense reasonable time necessary for effective preparation. The ends of justice outweigh the best interest of the public and Defendant in a speedy trial served by taking this action. 18 U.S.C. § 3161(h)(7)(A).

Therefore, in the interest of justice and pursuant to 18 U.S.C. § 3161(h)(7), the Court **ORDERS** that Defendant Johnny Ray Birdwell's Second Unopposed Motion for Continuance (Doc. No. 23) is hereby, **GRANTED**. It is further

**ORDERED** that the new dates and deadlines are as follows**:**

**Pretrial Motions Deadline: December 16, 2013.**
**Responses to Pretrial Motions Deadline: December 23, 2013.**
**Deadline to notify Court of plea agreement: December 30, 2013 at 3:00 p.m.**
**Pretrial conference in Tyler, Texas: January 8, 2014 at 9:00 a.m.**
**Jury selection and trial in Tyler, Texas: Announced at the Pretrial Conference.**

Unless clearly contradicted or amended by this Order, all previous pretrial orders entered in this matter shall remain in full force and effect, including, but not limited to, those relating to

such obligations, rights and requirements as discovery, disclosure, inspection, production, copying and deadlines.  In the event of conflict, this Order shall control.

**It is SO ORDERED**.

**SIGNED this 30th day of September, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE